EMILY M. CHAPMAN, APPELLANT, *v.* HENRY C. MORRILL, RESPONDENT.

*Sale of chattels under execution — the notice need not describe the execution or give the name of the debtor — 2 R. S., 366, § 21.*

The notice of a sale of chattels under an execution, required to be given by section 21 of 2 R. S., 366, need not describe the execution, nor give the name of the judgment-debtor.

APPEAL from a judgment of the County Court of Queens county, entered upon the verdict of a jury in favor of the defendant.

The action was brought in a justice's court, in the county of Queens, to recover from the defendant the sum of $200, the alleged value of personal property converted by him.

Upon the trial of the action in the justice's court, before a jury, the plaintiff had a verdict for $175, and from the judgment entered thereon, the defendant appealed to the County Court of Queens county.

The action was retried in the county court, and the verdict of the jury was in favor of the defendant, and from the judgment entered thereon, the plaintiff appealed to this court.

The plaintiff makes title to the property in question, through a sale of the same by the sheriff of Queens county to her, under and by virtue of an execution issued out of the county court, in which the plaintiff herein was judgment creditor, and one Stephen Cash was judgment debtor.

The property was sold under the following notice, viz. :

" SHERIFF'S SALE. — By virtue of an execution issued out of the County Court of Queens county, to me directed, I will sell, as the law directs, at public auction, on the 3d day of October, 1878, the following personal property, to wit : 5,000 head of cabbage, two acres of field corn, one-half acre of sweet corn, one-half acre of turnips, one-fourth acre carrots, on the premises of Henry C. Morrill, at Manhasset, county of Queens, at eleven o'clock in the forenoon of that day.

                              "BENJAMIN F. RUSHMORE,
                                   " *Sheriff of Queens County.*

" Dated *September* 27, 1878."

W. J. Stanford, for the appellant.

John Flemming, for the respondent.

BARNARD, P. J. :

The controversy in this case was as to ownership of personal property. The plaintiff recovered a judgment in the Queens County Court against one Stephen Cash. The defendant, Cash, hired premises of the defendant, and at the time of the recovery of the judgment had growing crops thereon. The sheriff levied upon these crops on the 27th of September 1878. The defendant claims that he purchased the crops of Cash, the preceding day, and that a bill of sale was given on the 27th of September, 1878. The plaintiff bought the property at a sale made by the sheriff, under the execution issued upon his judgment. In the notice of sale given by the sheriff, the execution under which the sheriff sold was not described. The notice was simply to the effect, that by virtue of an execution, the sheriff would sell certain described property therein mentioned, 5,000 head of cabbage, two acres of field corn, one-half acre sweet corn, one-half acre turnips, one-fourth acre of carrots, " on the premises of Henry C. Morrill."

I think the notice was a good legal notice of sale. The sheriff seized the goods of the defendant levied upon under the execution. The notice, the sheriff was required to give, is prescribed in 2 Revised Statutes, 290, section 21 [2d ed.], as follows :

" No sale of any goods or chattels shall be made by virtue of any execution, unless previous notice of such sale shall have been given for six days successively, by fastening up written or printed notices thereof, in three public places of the town, where such sale is to be had, specifying the time and place where the same is intended to be had." No objection is made to the notice, except that the name of the defendant in the execution is not given. The statute does not seem to require it. The notice is to be six days ; it must describe the property to be sold under the execution, and it must state the time and place of the sale ; all this was done. It was of no importance to the public whether the execution debtor was named or not. The judge, therefore, erred in leaving to the jury the question whether the notice sufficiently

described the execution under which the property was sold, and instructing them if it did not, that no title passed to plaintiff by his purchase at the sheriff's sale.

The judgment should, therefore, be reversed, and a new trial granted in the county court, costs to abide event.

DYKMAN and PRATT, JJ., concurred.

Judgment reversed, new trial granted in county court, costs to abide event.